## WALTER et al. v. PFISTER HYBRID CORN CO. et al.

### Civil Actions Nos. 5570–5572.

District Court, N. D. Ohio, W. D.

Jan. 29, 1947.

Franklin F. Hayward, of Lord, Hayward, Smith & Notnagel, all of Toledo, Ohio, and M. F. Abrahamson, of Naperville, Ill., for plaintiff.

Frank A. Harrington, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

By a motion, the defendants Pfister Hybrid Corn Co. and Pfister Corn Co., appearing specially and solely for the purpose of contesting the jurisdiction of the Court over their person, have moved the Court to dismiss the Second Amended Complaint insofar as it relates to them.

The motion appears to be based on the venue statute, 28 U.S.C.A. § 112, which reads, in part, as follows:

" * * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant. * * * ".

Plaintiff alleges that the defendants in question are corporations organized and existing under and by virtue of the laws of the State of Delaware. Under the law, therefore, they are inhabitants or residents of the State of Delaware and, unless there can be found some consent to be sued in this Court, the motion must be sustained.

Plaintiff alleges in his complaint that the defendants are doing business in the State of Ohio. There is no allegation, however, that they have qualified under the laws of the State of Ohio to do business here, or that they have appointed any statutory agent upon whom service of process might be made. I presume the plaintiff relies upon the case of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 155, 84 L.Ed. 167, 128 A.L.R. 1437. That case held that 28 U.S.C.A. § 112 was purely a venue statute and merely conferred a personal privilege upon the defendant corporation which might be " * * * lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. * * * " The Court then held that the designation by a foreign corporation in conformity with a valid State law of an agent upon whom service of process might be had operated as a consent to be sued in the Federal Courts of that State.

There is no authority as far as this Court is advised which goes so far as to hold that,

1022

by merely doing some business in a State, a corporation thereby consents to be sued in the Federal Courts of that State. Certainly the Neirbo case is not authority for such a position.

It appears to me that such a novel doctrine would have many undesirable results, e.g., what criterion could be used to determine over how long a period such a consent should be operative, or, again, in what manner would a corporation which had done some business in a State be able to withdraw its consent to be sued in the Federal Courts of that State?

The Court feels that the motions of the two defendant corporations should be sustained, and an order may be drawn accordingly. If plaintiff desires to amend his second amended complaint he may do so within five (5) days.